IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN E. LIGHTFEATHER,

                    Plaintiff,                                    8:26CV211

        vs.

ROBERT ROSSITER JR., US Federal          MEMORANDUM AND ORDER
Judge, in his individual and official
compacity; JOHN GERRAD, US Federal
Judge, in his individual and official
compacity; ONE UNKNOWN MALE
FEDERAL MARSHAL, in his individual and
official compacity; ANDREW JACOBSEN,
Nebraska State Judge, in his individual and
official compacity; DEBBIE LITTLE,
Nebraska State Court balief, in her
individual and official compacity; and LT.
CARFIELD, Lancaster County jail, in his
individual and official compacity;

                    Defendants.

        This matter is before the Court on Plaintiff Austin Edward Lightfeather's Motion

for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, and what the Court

construes as a motion for summons, Filing No. 3. Because Plaintiff's authorization to

proceed IFP must first be resolved, the motion for summons will be denied as

premature.

        As stated in the Prison Litigation Reform Act ("PLRA"), a prisoner cannot

        bring a civil action . . . or proceeding [IFP] if the prisoner has, on 3 or more
        prior occasions, while incarcerated or detained in any facility, brought an
        action . . . in a court of the United States that was dismissed on the
        grounds that it is frivolous, malicious, or fails to state a claim upon which
        relief may be granted, unless the prisoner is under imminent danger of
        serious physical injury.

28 U.S.C. §1915(g).

The Court has previously determined that three or more federal court cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g.*, *Lightfeather v. McSwine*, No. 8:22-cv-00238-JFB-PRSE (D. Neb.) (Filing No. 11, finding Plaintiff has "three strikes" and dismissing complaint pursuant to 28 U.S.C. §1915(g)). Previous cases brought by Plaintiff that were dismissed include: *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint); *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, May 24, 2021 Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint for failure to state a claim and for being frivolous); *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, May 19, 2021 Memorandum and Order and Judgment dismissing Plaintiff's complaint as frivolous).

In light of the foregoing, the Court will give Plaintiff 30 days in which to show cause why this case should not be dismissed pursuant to the provisions of 28 U.S.C. §1915(g) or, in other words, to show cause why the immediate danger exception is applicable to him. Alternatively, Plaintiff may pay the Court's $405.00 filing and

administrative fees within 30 days. In the absence of good cause shown, or the payment of the necessary fees, this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED:

1.      Plaintiff has 30 days from the date of this Memorandum and Order to either show cause why this case should not be dismissed pursuant to 28 U.S.C. §1915(g) or pay the Court's $405.00 filing and administrative fees.  In the absence of either action by Plaintiff, this matter will be dismissed without further notice.

2.      The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **June 11, 2026**: deadline for Plaintiff to show cause or pay fees.

3.      Plaintiff's motion for summons, Filing No. 3, is denied as premature.

Dated this 12th day of May, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

3